**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**JOHN F. LEVY,**

<table>
<tr><td style="padding-left:4em">Plaintiff,</td><td style="padding-left:8em"><u>OPINION &amp; ORDER</u></td></tr>
<tr><td style="padding-left:2em">-against-</td><td style="padding-left:8em"><b>24-cv-0384-NG-JMW</b></td></tr>
</table>

**SINGULARITY FUTURE TECHNOLOGY**
**LTD. F/K/A SINO-GLOBAL SHIPPING**
**AMERICA LTD.,**

                              **Defendant.**
------------------------------------------------------------------------x
**GERSHON, United States District Judge:**

Before the court is a motion for default judgment by Plaintiff John F. Levy ("Levy") against Defendant Singularity Future Technology Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity") for failure to appear or defend against Levy's claim for reimbursement and advancement of reasonable legal fees, costs, and expenses incurred in connection with defending the action captioned *Crivellaro v. Singularity Future Technology Ltd.*, 22-cv-7499-BMC (E.D.N.Y. Dec. 9, 2022) (the "Securities Action"), in which Levy is named as an individual defendant. For the reasons set forth below, Levy's motion for default judgment is denied without prejudice.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Levy is a citizen of New Jersey and Singularity is a Virginia corporation with its principal place of business in New York, and the amount in controversy exceeds $75,000.

## I.      BACKGROUND

The facts stated here are drawn from the Complaint and taken as true. Singularity is a Virginia public corporation that, at different times, has held itself out as a shipping and freight business and a crypto-mining business. Compl. ¶¶ 2-3, 14. The Complaint describes Levy as a former

independent director on Singularity's Board of Directors.  *Id.* ¶¶ 1, 12.  In May 2022, a short-seller report was released alleging that, among other things, Singularity engaged in criminal and fraudulent conduct orchestrated by its then-CEO Yang Jie.  *Id.* ¶¶ 22-23; Declaration of John F. Levy ("J. Levy Decl.") Ex. 7.  In response to these allegations, Singularity's Board formed a Special Committee comprised of Levy and another independent director to investigate the claims. Compl. ¶¶ 24, 26.  The Special Committee retained Blank Rome LLP, which is also Levy's counsel in this action and in the Securities Action.  *Id.* ¶¶ 25, 56.  The investigation resulted in the resignation and termination of executives at Singularity.  *Id.* ¶ 27.  There were no adverse findings with respect to Levy.  *Id.* ¶ 29.  Once the Special Committee's investigation concluded, the Board approved its dissolution, and Levy resigned from his position as director.  *Id.* ¶ 28.

While the investigation was pending, the Securities Action, brought on behalf of a proposed class of investors of Singularity, was filed.  *Id.* ¶ 31; J. Levy Decl. Ex. 14.  The Second Amended Complaint in the Securities Action ("Securities Action SAC") alleges, among other things, that the "Individual Defendants, [including Levy], who are or were the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements . . . , and intended to deceive Plaintiffs and the other members of the proposed Class . . . ."  Securities Action SAC ¶ 313.

Under certain circumstances, Singularity's Articles of Incorporation provide for indemnification, reimbursement, and advancement of reasonable legal fees for current and former officers and directors.  Article VI.3 lays out the requisite "standard of conduct" for an officer or director to be entitled to indemnification:

> The Corporation shall indemnify(a) [sic] any person who was, is or may become a party to any proceeding, including a proceeding brought by a shareholder in the right of the Corporation or brought by or on behalf of shareholders of the Corporation, by reason of the fact that he is or was a director or officer of the

> Corporation, or (b) any director or officer who is or was serving at the request of
> the Corporation as a director, trustee, partner or officer of another corporation,
> partnership, joint venture, trust, employee benefit plan or other enterprise, against
> any liability incurred by him in connection with such proceeding unless he engaged
> in willful misconduct or a knowing violation of criminal law.

Compl. ¶ 43.  Unless ordered by a court, the Corporation will make a determination in each case

that the "standard of conduct" described in Article VI.3 has been met.  *Id.* at ¶ 44; Article VI.6.  If

the officer or director seeks advancement of legal fees, Article VI.7.a provides that the officer or

director must provide "(1) a written statement of the applicant's good faith belief that he or she

has met the standard of conduct described in Section 3; and (2) a written undertaking, executed

personally or on the applicant's behalf: to repay the advance if it is ultimately determined that the

applicant did not meet such standard of conduct."  Compl. ¶ 45.  Article VI.7.b specifies that "[t]he

undertaking . . . shall be an unlimited general obligation of the applicant but need not be secured

and may be accepted without reference to financial ability to make repayment."  *Id.*

Levy alleges that he has made "numerous written and verbal demands upon Singularity

pursuant to Article VI.7 for indemnification and reimbursement of his reasonable legal fees and

expenses incurred in the Securities Action."  *Id.* ¶ 69.  He also alleges that he "has confirmed to

Singularity that (i) he has a good faith belief that he has met the standard of conduct described in

Article 3 of the Articles of Incorporation; and (ii) offered to enter into, and presented an objectively

reasonable undertaking to Singularity to repay the advance if it ultimately is determined that Mr.

Levy did not meet such standard of conduct."  *Id.*  Singularity has refused Levy's demands

because, as alleged, "Blank Rome LLP has a conflict in representing Mr. Levy in the Securities

Action."  *Id.* ¶ 57.  Levy denies that Blank Rome LLP has any conflict.  *Id.* ¶ 59.  He asserts that

the purported conflict is "a pretext because Singularity seeks retribution against Mr. Levy and

Blank Rome LLP because the Special Committee's investigation of allegations in the [short-seller

report] led to resignations and terminations of certain Singularity officers." *Id.* ¶ 58. Further, Singularity has not accused Levy of any misconduct or wrongdoing. *Id.* ¶ 30.

As a result of Singularity's refusal to reimburse Levy, on January 18, 2024, Levy filed this action. Singularity was timely served with copies of the summons and complaint, but Singularity failed to answer or respond. On February 22, 2024, the Clerk entered a certificate of default against Singularity. On February 29, 2024, Levy filed the instant motion seeking default judgment.

## II.    DEFAULT JUDGMENTS

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process to obtain a default judgment against a party who fails to defend. First, when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993), a "court's decision to enter a default judgment against [a] defendant[] does not by definition entitle plaintiff[] to an entry of a default judgment." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "Rather, the court may, on plaintiff['s] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* Once a defendant is found to be in default, it is deemed to have admitted all the well-pleaded allegations in the complaint pertaining to liability. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

4

### III.   DISCUSSION

To date, Singularity has failed entirely to participate in this action.  Having defaulted, Singularity is deemed to have admitted all the well-pleaded facts in the Complaint.

Levy alleges that Singularity breached Article VI of its Articles of Incorporation by refusing to reimburse and advance him reasonable legal costs for defending the Securities Action. To state a claim for breach of contract under Virginia law, a plaintiff must allege three elements: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) resulting injury or harm to the plaintiff."  *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 449 (E.D. Va. 2009).[1]

Levy alleges that, under Article VI of Singularity's Articles of Incorporation, Singularity is obligated to reimburse the reasonable legal fees incurred by him, as a former director who is a party to the Securities Action by reason of the fact that he was a director of Singularity, in advance of the final disposition of the Securities Action or before a determination is made as to whether indemnification is proper.  Compl. ¶¶ 65-72.

Levy has adequately pleaded that he is a defendant in the Securities Action by reason of his position as former director of Singularity.  *See id.* ¶¶ 40-41.  A proceeding is brought against a director or officer in a "corporate capacity" where "there is a nexus or causal connection between . . . the underlying proceeding[] . . . and one's corporate capacity."  *Truth Tech., Inc. v. Arnold*, 2017 WL 8772045, at *2 (E.D. Va. Oct. 30, 2017); *Roller Bearing Indus., Inc. v. Paul*, 2010 WL 1257715, at *2 (W.D. Ky. Mar. 26, 2010) (applying Virginia law).  The complaint in the Securities Action describes Levy as "a [former] Director of Singularity . . . , and, during his tenure,

---

[1] Levy relies on Virginia law on the ground that Singularity is a Virginia corporation.  Since Singularity did not respond, the court applies Virginia law.

as a Chair of the Company's Compensation Committee and a member of its Corporate Governance and Auditing Committees." Securities Action SAC ¶ 35. It alleges, among other things, that Levy did not disclose material facts to investors in violation of federal securities laws. *See, e.g.*, *id.* ¶¶ 69, 74, 96-99, 220-221. It also alleges that "all of the wrongful acts complained of . . . were carried out within the scope of the Individual Defendants' and the Company employees' employment." *Id.* ¶ 38. Accordingly, there is a clear nexus between the allegations in the Securities Action and Levy's former position as director of Singularity.

However, Levy does not establish liability because he has not alleged that he met both requirements in Article VI.7 that would entitle him to advancement. Levy has demonstrated that he satisfied Article VI.7's first requirement of a written statement of his good faith belief that he meets the "standard of conduct" in Article VI.3, but has not adequately alleged that he meets the second requirement, namely, to provide Singularity with a written undertaking. The October 31, 2023 letter appended to Levy's motion for default judgment expressly states his good faith belief, but then provides only that he "*will* enter into an undertaking." J. Levy Decl. Ex. 16 (emphasis added). The letter does not state that he was, at that time, making the undertaking. And, the Complaint alleges only that Levy "offered to enter into, and presented an objectively reasonable undertaking to Singularity." Compl. ¶¶ 69, 82. Allegations of "offering to enter into" and "presenting" an undertaking do not expressly allege that he provided Singularity with the specified undertaking *in writing*. Thus, because Levy has not adequately pleaded that he provided the requisite written undertaking, he has failed to establish liability as a matter of law.[2]

---

[2] Because Levy has failed to adequately allege that he met the requirements under the Articles of Incorporation for advancement, he has also failed to establish under the Virginia Stock Corporation Act that he is entitled to the reasonable expenses incurred in bringing this action. *See* VA. CODE ANN. §§ 13.1-700.1, 13.1-704.

## IV.    CONCLUSION

For the foregoing reasons, Levy's motion for default judgment is denied without prejudice.

Levy is granted 30 days to file an amended complaint.

                                                            **SO ORDERED.**


                                                            **/S/**
                                          _____
                                                            **NINA GERSHON**
                                                            **United States District Judge**


Dated: May 8, 2024
          Brooklyn, New York