UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOHN F. LEVY,

                Plaintiff,                      <u>**OPINION & ORDER**</u>

    -against-                                    24-cv-0384-NG-JMW

**SINGULARITY FUTURE TECHNOLOGY
LTD. F/K/A SINO-GLOBAL SHIPPING
AMERICA LTD.,**

                Defendant.
------------------------------------------------------------------------x
**GERSHON, United States District Judge:**

       This action arises from claims brought by John F. Levy ("Levy") against Defendant Singularity Future Technology Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity") seeking reimbursement and advancement of reasonable legal fees, costs, and expenses incurred in connection with defending the action captioned *Crivellaro v. Singularity Future Technology Ltd.*, 22-cv-7499-BMC (E.D.N.Y. Dec. 9, 2022) (the "Securities Action"). On May 9, 2024, I issued an Opinion and Order (the "May Order") denying without prejudice Levy's motion for default judgment against Singularity. The basis for this court's jurisdiction and the standard for issuing a default judgment are set forth in that decision.

    Levy has now filed an amended complaint, and Singularity has again failed to answer or respond. For the reasons set forth below, I grant Levy's renewed motion for default judgment as to liability and hold the amount of damages in abeyance pending further submissions.

    **I.    BACKGROUND**

    Familiarity with the factual allegations in this case, as detailed in the May Order, is presumed, and I recite only the additional facts alleged in the amended complaint that are relevant to resolving the instant motion. The May Order concluded that "Levy [did] not establish liability because he

ha[d] not alleged that he met both requirements in Article VI.7 [of Singularity's Articles of Incorporation] that would entitle him to advancement." Specifically, although Levy adequately alleged that he satisfied Article VI.7's requirement of a written statement of a good faith belief that he meets the requisite standard of conduct that would entitle him to advancement, he did not adequately allege that he provided Singularity with a written undertaking to repay the advance if it is ultimately determined that he does not meet the standard of conduct. Consequently, Levy's motion for default judgment was denied without prejudice.

On May 24, 2024, Levy filed an amended complaint. The facts set forth in the amended complaint are almost identical to those alleged in the original complaint. The two exceptions are the additional legal fees and expenses that have accrued since the initiation of this action (Am. Compl. ¶¶ 78, 92) and the additional allegations regarding the executed undertaking presented to Singularity. Levy alleges that on May 15, 2024, he personally presented to Singularity an executed undertaking as required under Article VI.7(a)(2) of the Articles of Incorporation. *Id.* ¶ 55. He also alleges that, on May 20, 2024, through his counsel, he presented to Singularity the executed undertaking. *Id.* ¶ 56. The executed written undertaking is attached to Levy's amended complaint as Exhibit A. As of the date of the amended complaint, Singularity had not responded to the undertaking. *Id.* ¶ 58.

When Singularity failed to answer or respond to the amended complaint, on July 15, 2024, the Clerk of Court entered a certificate of default against Singularity. On August 6, 2024, Levy moved for a default judgment. To date, Singularity has not appeared in this case.

## II. LIABILITY FOR DAMAGES

### A. Breach of Contract

Under Virginia law, Levy must allege (1) Singularity had a legally enforceable obligation;

2

(2) Singularity breached that obligation; and (3) Levy suffered injury or harm as a result of the breach. *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 449 (E.D. Va. 2009).[1] Under the Articles of Incorporation – which have the force and effect of a binding contract – Singularity has an obligation to reimburse and advance legal fees when (i) a person is a party to a proceeding brought by or on behalf of shareholders by reason of the fact that he is or was an officer or director of Singularity; (ii) the director or officer provides a written statement of a good faith belief that he meets the standard of conduct described in Article VI.3; and (iii) the director or officer enters into a written undertaking to repay the advance if it is ultimately determined he does not meet the standard of conduct.

As set forth in the May Order, Levy has adequately alleged that he is a defendant in the Securities Action by reason of his position as a former director of Singularity and that he provided to Singularity a written statement of his good faith belief. *See* May Order at 5-6. Levy has now also adequately alleged that he provided Singularity with a written undertaking. Levy both personally and through his counsel presented a written undertaking offering to repay the advance if it is determined that he does not meet the standard of conduct. Am. Compl. ¶¶ 53-57. On May 15, 2024, Levy wrote a letter addressed to Mr. Ziyuan Liu, Singularity's CEO, and the members of Singularity's Board regarding his alleged right to indemnification. *Id.* ¶ 55. Enclosed was a written undertaking, executed by Levy, which provides that "[i]f it is ultimately determined in accordance with the charter documents of the Company or applicable law that I am not entitled to indemnification, I will promptly repay the Company on request the Advancement and any other fees, expenses and other costs that it has advanced or reimbursed on my behalf." Declaration of

---

[1] Because Levy relies on Virginia law on the ground that Singularity is a Virginia corporation and Singularity has not responded, the court applies Virginia law.

John F. Levy in Support of Plaintiff's Motion for Default Judgment ("J. Levy Decl.") Ex. 17.  The same undertaking was attached to an email sent by Levy's counsel to Mr. Alexander Malyshev, who was Singularity's counsel in the Securities Action.[2]  J. Levy Decl. Ex. 18.  Accordingly, when accepting all of the factual allegations as true, Levy plainly meets all requirements that entitle him to reimbursement and advancement under the Articles of Incorporation.

As to the second and third elements to establish breach of contract, Levy pleaded that "Singularity has breached its Articles of Incorporation by refusing to indemnify and reimburse Mr. Levy in the Securities Action, and Mr. Levy has suffered damages as a result of such breach."  Am. Compl. ¶ 77.  He alleges that, as a result of Singularity's breach, he has incurred legal fees and expenses in defending the Securities Action.  *Id.* ¶ 78.  These factual allegations, accepted as true, state a claim against Singularity for breach of contract.

### B. Advancements Under the Virginia Stock Corporation Act

In addition to his contractual right to advancement, Levy alleges that he is statutorily entitled to advancement under the Virginia Stock Corporation Act (the "Act"), which provides that "[a]n individual who is a party to a proceeding because he is a director of the corporation may apply [to the court] for indemnification or an advance of expenses . . . ."  VA. CODE ANN. § 13.1-700.1(A).  It further provides that "[a]fter receipt of the application and after giving any notice [the court] considers necessary, the court shall . . . [o]rder indemnification or advance for expenses if the court determines that the director is entitled to indemnification or advance for expenses pursuant to a provision authorized by § 13.1-704."  *Id.*  Section 13.1-704 of the Act authorizes a corporation to obligate itself by provision in its articles of incorporation to provide indemnification

---

[2] Mr. Malyshev has since withdrawn as Singularity's counsel in the Securities Action and has been substituted by other counsel.  *See* July 26, 2024 Order, *Crivellaro v. Singularity Future Technology Ltd.*, 22-cv-7499-BMC (E.D.N.Y. Dec. 9, 2022).

4

and advance funds or pay for or reimburse expenses. *See* VA. CODE ANN. § 13.1-704(B). If the court determines that the director is entitled to such advances, reimbursement, or indemnification, "it shall also order the corporation to pay the director's expenses incurred in connection with obtaining court-ordered indemnification or advance for expenses." VA. CODE ANN. § 13.1-700.1(B).

Here, Levy is a party to the Securities Action because he was a director of Singularity (*see* May Order at 5-6) and has applied to this court for advancement of expenses. The Articles of Incorporation obligate Singularity to reimburse or advance legal fees, as permitted by Section 13.1-704(B) of the Act. Singularity's obligation is triggered by the conditions discussed above, which Levy has met. For the same reasons Levy is entitled to advancement under the Articles of Incorporation, he is entitled to advancement under the Act. Moreover, because Levy is entitled to such reimbursement and advancement, under Section 13.1-700.1 of the Act, he is also entitled to the reasonable expenses incurred in obtaining this order. *See Porter v. Provident Bankshares Corp.*, 2007 WL 2688224, at *8 (E.D. Va. Sept. 4, 2007) ("In Virginia, if a court determined that an individual is entitled to an advancement, then the individual is also entitled to the reasonable expenses incurred to obtain the order.") (citing VA. CODE ANN. § 13.1-700.1).

### III. DAMAGES

As liability has been established, the court must now determine that damages can be ascertained with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). It is "not necessary for [a] District Court to hold a hearing as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Svcs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Instead, the court may rely on

5

affidavits or documentary proof provided by the plaintiff in awarding damages on a default judgment motion. *Id.*

Levy seeks to recover reasonable legal fees, costs, and expenses payable to Blank Rome LLP. Where a plaintiff seeks attorneys' fees, the plaintiff's application "must be supported by accurate, detailed, and contemporaneous time records." *Eastern Savings Bank, FSB v. Robinson*, 2016 WL 3365091, at *8 (E.D.N.Y. May 9, 2016) (quotations omitted). The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness and necessity of the hours spent and rates charged. *Id.* The court employs the lodestar approach to arrive at the "presumptively reasonable fee," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Alcon Vision, LLC v. Lens.com, Inc.*, 2023 WL 8072507, at *2 (E.D.N.Y. Nov. 21, 2023). These principles apply even when a plaintiff seeks to recover attorneys' fees under the terms of a valid contract. *Power Up Lending Grp., LTD v. Cardinal Energy Grp., Inc.*, No. 16-cv-1545, 2023 WL 7001360, at *4 (E.D.N.Y. Aug. 18, 2023) (internal quotations omitted), *R&R adopted* (E.D.N.Y. Sept. 8, 2023).

In support of his request for damages, Levy has submitted an invoice from his counsel dated August 5, 2024 for $242,353.10 and a declaration stating that, as of that date, he had incurred legal fees, costs, and expenses in that amount in connection with defending the Securities Action, which excludes the expenses incurred in bringing this action. J. Levy Decl. ¶ 44; J. Levy Decl. Ex. 20. Additionally, in response to Magistrate Judge Wicks's March 1, 2024 order, Levy's counsel provided the court with the credentials and billing rates of three attorneys who worked on this matter. *See* Samuel D. Levy Declaration in Support of Request for Attorneys' Fees ¶¶ 9-10.

Levy's evidence submitted in support of his request for legal fees is deficient for several reasons. First, Levy, through his counsel, has identified the credentials and hourly rates of only

6

three lawyers who worked on the case—Mr. Samuel D. Levy, Mr. Robert J. Mittman, and Ms. Alexandra Clark. *Id*. Levy's counsel has indicated that "other Blank Rome LLP attorneys and support staff" were enlisted to assist with the case, *id.* ¶ 10, but did not provide any information about who these individuals are, the work they performed, or their hourly rates. Second, Levy has failed to explain why the hourly rates charged were fair and reasonable for this district or why, if not, the court should deviate from those rates.[3] Third, Exhibit 20 to the instant motion is only the cover summary of the invoices for legal fees in the Securities Action. In reference to an earlier-dated invoice submitted in support of Levy's first default judgment motion, Levy's counsel indicated that the underlying time entries contain detailed narratives of the work performed, but counsel did not submit the referenced narratives. *Id.* ¶ 8. Counsel is directed to submit all the underlying time records, including these narratives, for the legal fees charged to Levy which he seeks to recover in this case, but is cautioned that the accompanying narratives must possess "sufficient specificity to enable [the] court to assess what tasks were completed." *Alcon*, 2023 WL 8072507, at *4 (quotations omitted).

The requirements for establishing the reasonableness of attorneys' fees are well-established. *See generally id*. Counsel must ensure that the documentation submitted in support of Levy's claim for attorneys' fees is sufficient to ascertain whether the work performed and the fees requested are reasonable. In other words, if the narratives referenced by counsel are insufficient, Levy must submit additional documentation.[4]

---

[3] *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("[C]ourts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee") (quotations omitted).

[4] If Levy asserts that any portion of the documentation submitted in support of his damages claim is privileged, Levy's counsel may file a request to submit the documents under seal and shall also file them with redactions on the public docket. Counsel is reminded that only material subject to the attorney-client privilege or work product protection may be redacted and filed under seal.

Finally, Levy's counsel is instructed to apportion the fees requested to recognize that the first motion for default judgment based on the original complaint was denied.

## IV. DECLARATORY JUDGMENT

In addition to the relief sought for breach of the Articles of Incorporation and under the Virginia Stock Corporation Act, Levy seeks a declaratory judgment that Singularity is liable to Levy for any legal fees, costs, and expenses he incurs in the Securities Action, or any other action, by reason of the fact that he was a director of Singularity. In order for a district court to exercise jurisdiction over a declaratory judgment action, the Declaratory Judgment Act requires there be an "actual controversy." 28 U.S.C. § 2201. Only then may the court, in its discretion, "declare the rights and other legal relations of any interested party seeking such declaration." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). In deciding whether to entertain an action for declaratory judgment, district courts should consider: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Id.* In other words, declaratory relief is appropriate where a party seeks clarity regarding future rights or obligations. *See Johnson v. Ironshore Specialty Ins. Co.*, 2022 WL 912973, at *8 (S.D.N.Y. Mar. 28, 2022) (declaratory judgment was appropriate to clarify the defendant's obligations to advance costs under plaintiff's insurance policy); *see also Paguirigan v. Prompt Nursing Emp. Agency LLC*, 286 F. Supp. 3d 430, 441 (E.D.N.Y. 2017).

Here, Levy has sufficiently alleged that there is an actual controversy concerning Singularity's

---

Levy's counsel shall also submit to chambers, *in camera*, both redacted and unredacted versions of the documentation in support of his damages.

advancement obligation for costs incurred in the Securities Action.[5] Levy has met his obligations under the Articles of Incorporation for advancement, and, as alleged, Singularity has refused to hold up its end of the bargain. Moreover, Levy's request for declaratory relief is prospective. The parties are still actively litigating the Securities Action, and Levy will almost certainly incur additional legal costs in connection with his defense of that action. Levy need not await further violation of his contractual rights in order to obtain relief. Levy's claim for declaratory relief is thus forward-looking and would serve a useful purpose in settling Singularity's contractual duty to advance costs in connection with the pending Securities Action.

## V. CONCLUSION

For the foregoing reasons, Levy's motion for default judgment is granted to the extent that the court finds that Singularity is liable to Levy under the Articles of Incorporation and the Virginia Stock Corporation Act for the advancement of Levy's reasonable legal fees, costs, and expenses incurred for defending the Securities Action and under the Act in obtaining this order. Levy is also entitled to a declaratory judgment under 28 U.S.C. § 2201, and the court hereby declares that under the Articles of Incorporation and Virginia law, Singularity is liable to Levy for any reasonable legal fees, costs, and expenses he incurs in the Securities Action by reason of the fact that he was a director of Singularity. To recover damages for the amounts Levy has already incurred, Levy must comply with all requirements for the submission of documentation in support of his request for attorneys' fees as described above within 30 days of the entry of this Order.

---

[5] Levy's request for a declaratory judgment also seeks a declaration that Singularity is liable for amounts incurred in "any other action" brought against him by reason of the fact that he was a director. The court has jurisdiction only to grant a declaratory judgment where there is an active controversy. Levy has not identified any other active litigation where claims were brought against him because he was a former director of Singularity. Accordingly, the court's decision is limited to Singularity's advancement obligation for costs incurred to defend the Securities Action.

9

SO ORDERED.

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated: October 25, 2024
Brooklyn, New York